(127 App. Div. 944.)

## HILTS v. STROH et al.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1908.)

1. VENDOR AND PURCHASER—BONA FIDE PURCHASERS—NOTICE OF PRIOR TITLE
    That plaintiff on the day of sale of land stated to the purchasers: "Remember, even though I haven't it now, I have a hold there yet"— did not constitute notice that plaintiff had by deed previously acquired title; it being plaintiff's duty to state definitely what her interest was, and mere loose conversation not warranting the inference of notice.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 475-494.]

2. SAME—POSSESSION.
    In partition it appeared that plaintiff, who owned an individual interest in the premises, mortgaged the same, and on foreclosure sale S. became the purchaser, and that T., the owner of the other half of the premises, thereafter conveyed the same to S., notwithstanding she had previously given plaintiff a deed therefor. Plaintiff made no open claim as the owner of T.'s interest until the recording of her deed after plaintiff had been removed by summary proceedings taken by S. under the title acquired by deed from T. S. was informed by the testimony of plaintiff given in supplementary proceedings that she was the owner of one half the premises, and that T. was the owner of the other half, and by the report of the receiver in the proceedings that he collected the half of the rents from the tenant which belonged to plaintiff until her half of the premises was sold on foreclosure. Plaintiff testified that the other half of the rents was collected for T. Held, that under the circumstances plaintiff's possession after the foreclosure sale was not notice to S. of plaintiff's claim under the deed from T.

Appeal from Judgment on Report of Referee.

Action for partition by Emma J. C. Hilts against Minnie H. Stroh and another. Judgment for defendants, and plaintiff appeals. Affirmed on opinion of Nash, referee.

Plaintiff, who owned an undivided interest in the premises involved, mortgaged the same, and on foreclosure sale Sebastian Shorer and John B. Shorer became purchasers. Thereafter Louisa B. Treat, who owned the other undivided half of the premises, conveyed the same to said Shorers. Subsequently defendant Minnie H. Stroh acquired title to the property.

The following is the opinion of Nash, Referee:

The title of the defendant Stroh rests upon the title acquired by the Shorers. The disputed question in the case is whether the Shorers were purchasers of Mrs. Treat's half of the premises without notice that Mrs. Hilts had previous to their purchase acquired the interest of Mrs. Treat. It is not claimed that the Shorers had any actual notice of the contract of August 5, 1892, or of the deed from Mrs. Treat to Mrs. Hilts made in October, 1893. Mrs. Hilts testifies that on the day of the foreclosure sale, in March, 1894, after the sale, in a conversation had with the Shorers and Mr. Ludekins, she stated to them: "Remember, even though I haven't it now, I have a hold there yet." This is denied by Mr. Ludekins and by the Shorers; but, even if it was said, it was too vague and indefinite to be regarded as any notice that she had acquired by deed the interest of Mrs. Treat in the premises. It was her duty to state definitely what her interest was. "Mere loose conversation will not warrant the inference of notice." 12 John.

It is urged that the plaintiff's possession was notice to the Shorers of her rights. The Shorers were informed by the testimony of Mrs. Hilts, given in supplementary proceedings, that she was the owner of one half of the

premises, and her sister was the owner of the other half, and by the report of the receiver in the supplementary proceedings that he collected the half of the rents from the tenant which belonged to Mrs. Hilts until her half of the premises was sold on foreclosure. It appears from the testimony of Mrs. Hilts that the other half of the rents was collected for Mrs. Treat. Mrs. Hilts says: "She returned it to me; gave me the power of attorney to collect it in that way." Mrs. Hilts, in her petition for the removal of a tenant, verified November 6, 1893, stated that she was the owner of one half of the premises and was the agent of her sister, who was the owner of the other half, and upon this trial she testifies that she was the agent of her sister, and as such made the lease to the tenant. It is shown by the notice of pendency, filed April 2, 1894, in the action brought by Jeannette S. Lampert against Mrs. Treat to foreclose the mortgage on her half of the premises, that Mrs. Hilts was made a defendant in that suit. The suit was settled by the purchase by the Shorers of Mrs. Treat's interest. The case shows that Mrs. Hilts did not make any open claim as the owner of Mrs. Treat's interest in the premises until the recording of her deed in June, after she had been removed by summary proceedings, taken by the Shorers in May under the title they had acquired by deed from Mrs. Treat. Under the circumstances, it cannot be held that the possession of Mrs. Hilts after the foreclosure sale was notice to the Shorers of the right which she now claims.

It follows that the title of the defendant has not been successfully assailed by the plaintiff, and therefore the complaint should be dismissed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

George R. Van Alstyne, for appellant.
Werner & Harris, for defendant Stroh.

PER CURIAM. Judgment affirmed, with costs, on opinion of Nash, referee.

---

(127 App. Div. 730.)

ASPHALT CONST. CO. v. BOUKER et al.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. PLEADING—DEMURRER—WITHDRAWAL.

Though a demurrer, while standing conclusively, admits the averments of the pleading attacked, its primary purpose is to test the sufficiency of the facts to which it relates as a cause of action, and a demurrant should be allowed to withdraw it on it being overruled, unless it was interposed in bad faith.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1041.]

2. SAME—CONDITIONS OF WITHDRAWAL.

The trial court overruled a demurrer to a separate defense, but did not grant leave to plaintiff to withdraw it as an admission of facts. After plaintiff rested, defendants relied on the admission, and the court reserved decision; the case appearing not to have been decided. Held, that while the trial court properly amended nunc pro tunc the decision overruling the demurrer so as to relieve plaintiff of the admission, upon the payment of full taxable costs, the demurrer not appearing to have been frivolous, the amendment should have been allowed on condition that at defendants' election the proceedings upon the trial be vacated and the case restored to the calendar, or should have opened the case with permission to defendants to offer further evidence.

Appeal from Special Term.

Action by the Asphalt Construction Company against De Witt C. Bouker, Jr., and Andrew A. Bouker, impleaded with another. From